UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Aracelis Mavares, an individual, and Emmy Pernalete, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>The Government Employees Insurance Company (GEICO), a corporation; Doe Individuals I–X; Roe Companies I–X,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [ECF NO. 7] DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:25-cv-00984-DBB-DAO<br><br>District Judge David Barlow |

Before the Court is Defendant The Government Employees Insurance Company's ("GEICO") Motion for Partial Judgment on the Pleadings.[1] Plaintiffs did not file any responsive briefing and indicated to opposing counsel that they would not oppose the motion.[2]

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[3] The court evaluates a motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[4] "The court's function on a Rule 12(b)(6) motion is

---

[1] Mot. for Partial J. on the Pleadings, ECF No. 7, filed December 19, 2025.
[2] Request to Submit for Decision GEICO's Mot. for Partial J. on the Pleadings, ECF No. 13, filed January 20, 2026.
[3] Fed. R. Civ. P. 12(c).
[4] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (abrogated on other grounds)).

not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

GEICO seeks judgment on Plaintiffs' claim for punitive damages. Under Utah law, punitive damages are not recoverable under contract claims.[6] Plaintiffs' claims are for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) bad faith.[7] All three claims sound in contract.[8] Therefore, Plaintiffs cannot assert a claim for punitive damages.

## ORDER

Defendant's Motion for Partial Judgment on the Pleadings[9] is GRANTED. Plaintiffs' claim for punitive damages is dismissed.

Signed January 27, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[5] *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).
[6] *Smith v. Grand Canyon Expeditions Co*., 2003 UT 57, ¶ 29, 84 P.3d 1154 ("punitive damages are recoverable only for torts, not for breach of contract.").
[7] Compl. 4–5, 7, ECF No. 5, filed November 3, 2025.
[8] *See Pheasantbrook Home Owners Ass'n v. The Travelers Indem. Co.,* 152 F. Supp. 3d 1342, 1359–60 (D. Utah 2016) ("First-party 'bad faith' claims sound in contract, not tort.") (quoting *Beck v. Farmers Ins. Exch*., 701 P.2d 795, 800 (Utah 1985)); *Christensen v. Mid-Century Ins. Co.*, No. 2:19-CV-00164, 2020 WL 619437, at *3 (D. Utah Feb. 10, 2020) (unpublished) ("Under Utah law, punitive or exemplary damages are not available for either a bad faith claim or a breach of contract claim.").
[9] ECF No. 7.